UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOUSEN YISAK ADEM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-0030 (UNA) |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1. The Court will grant the application and dismiss the complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court must dismiss a case "at any time" if it determines that the action is frivolous.

Plaintiff identifies himself as a "King and 'King of Earth,'" Compl. at 3 (page numbers designated by CM/ECF), and considers himself owner of and entitled to the "Entire planet," *id*. at 4. He explains that "the land Reverts to [him]," *id.*, and among other relief, he demands the "arrest [of] President Joe Biden & Kamala Harris, and declare [him] 47th President King of Earth," *id*. at 5.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). On review of the complaint, the Court concludes that its factual allegations are incoherent, irrational and wholly incredible, rendering the complaint subject to dismissal as frivolous, *see Denton v.*

*Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality").

    A separate order will issue.

DATE: February 10, 2023

/s/
RUDOLPH CONTRERAS
United States District Judge